UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL SHAMBRESKIS,

                              Plaintiff,          **M E M O R A N D U M &amp; ORDER**

    -against-                                           02 Civ. 2692 (DRH) (MLO)

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY,

                              Defendant.
------------------------------------------------------------X

**Appearances:**

**PAUL SHAMBRESKIS**
Pro Se
390 North 2nd Street, Apt. 102
San Jose, CA 95112

**FREEHILL HOGAN & MAHAR L.L.P.**
Attorneys for Defendant
80 Pine Street,
New York, NY 10005
By: Mark Muller, Esq.

**HURLEY, Senior District Judge**

Plaintiff Paul Shambreskis ("Plaintiff" or "Shambreskis") filed the present suit on May 3, 2002, alleging that Defendant Bridgeport and Port Jefferson Steamboat Company ("Defendant") failed to exercise proper care to prevent injuries that Plaintiff suffered while aboard Defendant's vessel on July 25, 1999. Presently before the Court is Defendant's second motion for summary judgment seeking dismissal of this case on the grounds of untimeliness, relying upon a contractual limitation requiring suit to be filed within one year of the date of injury, and

Plaintiff's cross-motion to strike that defense. For the reasons set forth below, the Court DENIES both Defendant's motion and Plaintiff's cross-motion.

A sea carrier is permitted "to contractually limit the period in which a suit for injuries may be filed provided that the time period is at least one year" and "the carrier reasonably communicates the existence and importance of the limitation to the passenger." *Ward v. Cross Sound Ferry*, 273 F.3d 520, 523 (2d Cir (2001)(citing *Spataro v. Kloster Cruise, Ltd.*, 894 F.2d 44, 45-46 (2d Cir. 1990) (per curiam)).

In applying this standard, the Second Circuit has adopted a two-part test:

(1) whether the physical characteristics of the ticket itself "reasonably communicate[d] to the passenger the existence therein of important terms and conditions" that affected the passenger's legal rights, and (2) whether "the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract" permitted the passenger "to become meaningfully informed of the contractual terms at stake."

*Ward*, 273 F.3d at 523 (quoting *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 864-66 (1st Cir. 1983)).

By Memorandum and Decision, dated March 16, 2004, this Court found there was no issue of fact that Plaintiff did receive a ticket from Defendant in conjunction with this July 25, 1999 trip aboard Defendant's vessel and the ticket Plaintiff received contained a time limitation which reasonably communicated its central message to all ticketed passengers. It was also undisputed that walk-on passengers purchase their tickets on the vessel and all ticketed passengers are permitted to keep the relevant portion of the ticket. When tickets are collected at the end of the trip, only the smaller portion is taken; the larger portion containing the relevant time limitation is left with the passenger. As the limitation language was of adequate size and

clearly expressed, this Court found that the time limitation reasonably communicated its central message to all ticketed passengers. This Court then when on to determine whether from the perspective of the Plaintiff " the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract, in light of the intervening injury [whereby plaintiff was hit in the head by an object towards the end of the journey], permitted the Plaintiff to become meaningfully informed of the contractual terms at stake." Defendant's first motion for summary judgment was denied as Defendant had failed to indicate when Plaintiff purchased his ticket. Based on the record before this Court at that time, the inference could be drawn that Plaintiff may have possessed the ticket for less than one minute prior to his alleged injury and may have lost it upon being struck.

The Defendant has now renewed its motion for summary judgment submitting evidence which it claims demonstrates that as a matter of law, the circumstances surrounding plaintiff's purchase and subsequent retention of the ticket permitted him to become meaningfully informed of the shortened limitations period. Plaintiff has opposed the motion and cross moved to strike the affirmative defense.

Defendant has submitted the affidavit of one of the two bursars aboard the vessel on the day of the accident. The bursar has no independent recollection of selling the Plaintiff a ticket. Nor is there credit card evidence of Plaintiff's purchase, suggesting that he must have paid in cash. Defendant submits, however, that there is a 97.75% chance that Plaintiff received his ticket fifty-six minutes before he was injured at 6:25 p.m. According to the affidavit, walk-on passengers begin boarding before persons with cars. Announcements are made encouraging walk-on passengers to purchase their ticket quickly so they won't have to wait in line when

-3-

persons with cars start buying tickets. Because walk-on passengers *generally* buy their tickets before passengers with cars and because as of 5:29 p.m. (56 minutes before the accident) 87 of 89 vehicles (97.75%) had purchased their tickets, Defendant asserts there is a 97.75% chance that Plaintiff purchased his ticket prior to 5:29 p.m.

Plaintiff admittedly has no recollection of when he purchased his ticket. In opposing Defendant's motion, Plaintiff asserts, however, that due to heavy traffic and confusion over directions, Plaintiff was "running late." When he arrived at the terminal, "many vehicles were lined up boarding the vessel." Plaintiff's Affidavit in Opposition, dated August 27, 2005.

*DISCUSSION*

Summary judgment is generally appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994) (quoting Fed. R. Civ. P. 56(c)). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and identifying those materials "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has offered some evidence that no genuine issue of material fact remains to be tried, the burden shifts to the non-moving party to provide similar evidence indicating that a genuine, triable issue remains. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(e). Affidavits submitted in opposition to summary judgment must

be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. In deciding a summary judgment motion, a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). Nevertheless, it is well-established that a non-movant cannot defeat summary judgment with nothing more than "unsupported assertions," *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995), or the allegations in its pleadings. *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); Fed. R. Civ. P. 56(e).

On the renewed motion, there remains as an issue when Plaintiff purchased his ticket. The evidence submitted by Defendant remains inadequate to demonstrate the absence of any question of fact. Defendant has only posited a high probability that Plaintiff was in possession of the ticket fifty-six minutes before the accident. When combined with Plaintiff's testimony that he arrived at the terminal when cars were already loading, a trier of fact could draw an inference that plaintiff did not purchase his ticket before the 87 persons with vehicles but rather later in the journey, even as last as just before the accident. As the Second Circuit noted in *Ward*, "the amount of time the

passenger had to examine the ticket was critical to the decision[s] to uphold the contractual limitation." 273 F.3d at 525.[1] Defendant's motion must therefore be denied.

The Court now turns to Plaintiff's cross-motion to strike the defense. As stated above a question of fact exists as to whether the circumstances surrounding the plaintiff's purchase and subsequent retention of the ticket permitted the plaintiff to become meaningfully informed of the terms. Because Plaintiff cannot recall when he purchased a ticket, a trier of fact could accept Defendant's evidence and find that Plaintiff was in possession of his ticket fifty-six minutes before the accident and that under the circumstances he had the opportunity to become meaningfully informed of the terms of the ticket. *Cf. Melnick v. Cunard Line Ltd.,* 875 F. Supp 103, 107 (N.D.N.Y. 1994)(failure to read the ticket will not relieve a passenger of the contractual limitation). Accordingly, Plaintiff's cross-motion must be denied.

*CONCLUSION*

In sum, there exist factual issues relevant to whether the circumstances surrounding the Plaintiff's purchase and subsequent retention of the ticket/contract permitted Plaintiff to become

---

[1] The Court would note that to the extent (1) it is undisputed that a passenger bought a ticket, (2) that the ticket's physical characteristics reasonably communicated to the passenger the existence of important terms and conditions therein, and (3) that, unlike *Ward,* the passenger was permitted to retain the ticket, an argument could be made that, as a matter of law, the circumstances permit the passenger to become meaningfully informed of the contractual terms. Even under that analysis, however, the instant motion must be denied given the sworn statement of Plaintiff that he was knocked senseless and then did not have the ticket although he does not recall if he dropped it as a result of the accident or it was taken from him when member(s) of the crew assisted him after the accident. *See* Ex. "B" to Demoncada Aff.*; cf.* Shambreskis Dep. at 140 (testimony that not sure what happened to the ticket).

meaningfully informed of the contractual terms at stake. In accordance with the foregoing, the Court DENIES Defendant's motion for summary judgment and DENIES Plaintiff's cross-motion.. This matter is respectfully referred to Magistrate Judge Orenstein for the purposes of conducting a settlement conference and overseeing the filing of a Pretrial Order.

**SO ORDERED.**

Dated: Central Islip, New York
October 30, 2006

/s/
Denis R. Hurley
Unites States Senior District Judge