UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL SHAMBRESKIS,

                              Plaintiff,                  **M E M O R A N D U M &**
                                                                                               **ORDER**
   -against-                                                     02 Civ. 2692 (DRH) (MLO)

BRIDGEPORT AND PORT JEFFERSON
STEAMBOAT COMPANY,

                              Defendant.
------------------------------------------------------------X

**APPEARANCES:**

**PAUL SHAMBRESKIS**
Plaintiff Pro Se
390 North 2nd Street, Apt. 102
San Jose, CA 95112

**FREEHILL HOGAN & MAHAR L.L.P.**
Attorneys for Defendant
80 Pine Street,
New York, NY 10005
By: Mark Muller, Esq.

**HURLEY, Senior District Judge**

     Plaintiff Paul Shambreskis ("Plaintiff" or "Shambreskis") filed the present suit on May 3, 2002, alleging that Defendant Bridgeport and Port Jefferson Steamboat Company ("Defendant") failed to exercise proper care to prevent injuries that Plaintiff suffered while aboard Defendant's vessel on July 25, 1999.  Presently before the Court is Defendant's motion to strike the jury demand made by Plaintiff on February 5, 2007 and Plaintiff's "motion for jury demand."  For the reasons set forth below, Defendant's motion is granted and Plaintiff's motion is denied.

*Background*

This action was commenced on May 2, 2002 by the filing of the summons and complaint. At the time the action was commenced, plaintiff was represented by counsel. Neither the summons or complaint contained a jury demand. However, the civil cover sheet filled out and signed by Plaintiff's then counsel indicated that a jury was demanded.[1]

The summons and complaint were thereafter served on Defendant pursuant to Rule 4(c)(2)(c)(ii) of the Federal Rules of Civil Procedure. Significantly, the civil cover sheet was not served with the summons and complaint. Defendant served its answer on July 11, 2002. Like the summons and complaint, the answer did not contain a jury demand.

In February 2005, discovery was completed in this action. Shortly before then, Plaintiff's then counsel moved to be relieved as counsel. That motion was granted by Order dated March 7, 2005 and the action was stayed until April 25, 2005 to allow plaintiff to retain new counsel. He did not and the case continued with Plaintiff appearing pro se.

Defendant thereafter moved for summary judgment, which motion was denied by this Court in a Memorandum and Order dated October 30, 2006. That Memorandum and Order also referred this matter to Magistrate Judge Michael Orenstein for purposes of, inter alia, overseeing the preparation of a final pre-trial order so that a trial of this action could be had.. It was during the preparation of the pre-trial order that the current "dispute" arose. On January 4, 2007, Defendant served the now pro se Plaintiff with its input to the pre-trial order and in section V

---

[1] Section VII of the civil cover sheet is entitled "REQUESTED IN COMPLAINT" and provides in pertinent part:
    CHECK YES only if demanded in complaint:
    JURY DEMAND: ☐YES ☐NO

thereof indicated that "Defendant has not demanded a jury, nor has plaintiff. Hence, this is a non-jury case." Under cover of letter dated February 2, 2007 Plaintiff served his input to the pretrial order demanding a jury trial. By letter to the Court dated February 5, 2007, Plaintiff reiterated that demand. The instant motion followed.

*Discussion*

### I. *No Timely Jury Demand Was Served.*

Rule 38 of the Federal Rules of Civil Procedure sets forth the procedure for demanding a jury trial. Rule 38 provides in pertinent part:

> (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed at such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.
> . . .
> (d) Waiver. The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. . . .

Fed. R. Civ. P. 38.

Plaintiff argues that the Civil Cover Sheet contained a demand for jury trial sufficient to satisfy Rule 38.

Rule 38 "proceeds on the basic premise that a jury trial is waived" unless a timely demand is served and filed. *See Washington v. New York City Board of Estimate,* 709 F.2d 792, 797 (2d Cir. 1983). Under Rule 38(b) a jury demand may properly be asserted in one of two methods: (1) as an indorsement on a pleading, or (2) in a separate and distinct writing. *See Winant v. Carefree Pools,* 118 F.R.D. 28, 29 (E.D.N.Y. 1988); *Ginsburg v. Twayne Publishers,*

*Inc.,* 600 F. Supp. 247, 248 (S.D.N.Y. 1984). In either case, the demand must be served on the other parties and filed with the Court. *See Winart,* 118 F.R.D. at 29. When Rule 38 has not been followed "it is clear that the test of waiver that is applied to other constitutional rights, that there must have been 'an intentional relinquishment of a known right or privilege' is not applicable to the right of trial by jury." *Washington,* 709 F.2d at 797 (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321, at 101 (1971)). "Thus a waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse." *Id.* (internal quotations omitted).

Of particular relevance to the instant motion are the cases concerning the efficacy of jury demands made on civil cover sheets, particularly the Second Circuit's decision in *Favor v. Coughlin,* 877 F.2d 219 (2d Cir. 1989).

In *Favor,* the Second Circuit held that a pro se plaintiff had waived his right to a jury trial where the only "demand" was the "yes" box next to Jury Demand on the civil cover sheet and the civil cover sheet had not been served. *Id.* at 220. The Second Circuit reasoned as follows:

> The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers. But here, appellant failed to serve, as he might have, the civil cover sheet in timely fashion on appellees. Only the complaint was served and it contained no mention of or reference to a jury demand. A *timely served* civil cover sheet on which the "Jury Demand" is checked can, without more, constitute a proper jury trial demand, *see Winant v. Carefree Pools,* 118 F.R.D. 28, 29 (E.D.N.Y. 1988), but a civil cover sheet that has not been served with the complaint naturally gives no notice of a jury demand necessary to meet the requirements of Rule 38(b). *See Moores v. Greenberg*, 834 F.2d 1105, 1108 (1st Cir. 1987) (notation of jury demand on civil cover sheet does not satisfy "the literal requirements of Rule 38(b)."); *Pinemont Bank v. Belk*, 722 F.2d 232, 235 (5th Cir. 1984) ("we . . .caution all counsel [that

> checking the civil cover sheet] is not the preferred method of compliance with Rule 38(b) . . . ."); *Wall v. National R.R. Passenger Corp.,* 718 F.2d 906, 909 (9th Cir. 1983) (holding that "checking the jury demand box on the civil cover sheet is insufficient to meet the requirements of Rule 38(b)."); *Omawale v. WBZ,* 610 F.2d 20, 21-22 (1st Cir. 1979) (*per curiam*) (holding that, even in the context of a pro se action under Title VII and 42 U.S.C. § 1981, an unserved civil cover sheet indicating a jury demand cannot alone comport with Fed. R. Civ. P. 38); *Biesenkamp v. Atlantic Richfield Co.,* 70 F.R.D. 365, 366 (E.D. Pa. 1976) ("The mere notation on the Civil Cover Sheet and in the docket cannot substitute for service of notice upon Defendants as required by the rule."). The rule that pro se plaintiffs' pleadings must be less stringently construed cannot overcome the appellant's actual failure to notify appellees of his jury trial demand. Hence, because appellant did not comply with Rule 38 he waived his right to trial by a jury.

*Favors,* 877 F.2d at 220-221 (emphasis in original).

Plaintiff attempts to show that in this case the civil cover sheet was "served" on Defendant by pointing to the docket for this case which reflects, at entry no. 1, that the civil cover sheet was filed as attachment to the complaint and arguing that "[i]t is acknowledged that the court provides all documents to the defendants and the plaintiffs in all cases." This attempt must fail.

The docket for this case indicates that the complaint is this action was electronically filed. When a document is electronically filed, a receipt is generated indicating the persons, if any, to whom electronic notification is sent. A copy of that receipt is accessible by left clicking on the ball next to the docket number for the electronically filed paper. In this case, the receipt for docket entry no. 1 indicates that electronic notification was not sent to anyone and that notice would not be electronically mailed to Plaintiff's then counsel, Paul C. Matthews, Esq. Accordingly, there is no indication that notice of filing of the complaint or the civil cover sheet

was sent electronically to Defendant or its counsel.  This is consistent with the fact that (1) in nearly all cases, counsel for defendant has not appeared in the action at the time the complaint is filed and the summons is issued and (2) pursuant to Federal Rule of Civil Procedure 4(c)(1) "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed . . . ," Fed. R. Civ. P. 4(c)(1), not the court.  The fact that the civil cover sheet may have been electronically *accessible* to Defendant and its counsel does not satisfy the requirement of Rule 38 that a jury demand be *served*.

Also, Defendant has submitted the affidavit of Carol Koutrakos, Defendant's claims manager, averring that she was the person "who opened the envelope containing the suit papers" in this case and attaching the envelope and all the papers that were contained therein.  In addition to the envelope, the attached papers consist solely of the summons, complaint, notice pursuant to Rule 4(c)(2)(c)(ii) and acknowledgment of receipt of summons and complaint.  The acknowledgment states that "a copy of the Summons & Complaint in the above captioned matter" were received.   The acknowledgment does not refer to the civil cover sheet.  The Court has not reason to doubt the veracity of Ms. Koutrakos' affidavit.

In this case, Plaintiff was represented by counsel at the time that the complaint was filed and for nearly three years thereafter.  In this case, the civil cover sheet was not served upon the Defendant.  Accordingly, the right to a jury trial was waived.  *See generally Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2d Cir. 1967) (concluding that there was a waiver of the right to a jury trial where the party's attorney wrongly believed that a timely demand had been made).

The matter is not ended, however, as it is appropriate for this Court to consider whether (1) to allow Plaintiff's late jury demand pursuant to Federal Rule of Civil Procedure 39(b) or (2)

to extend the time for Plaintiff to serve a jury demand pursuant to Federal Rule of Civil Procedure 6(b).[2]

## *II. The Sound Exercise of This Court's Discretion Warrants Denial of the Rule 39(b) Motion*

Rule 39(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made as of right, the court in its discretion upon motion may order a trial by jury of any or all issues.

Fed. R. Civ. P. 39(b). Rule 39(b) vests the district court with discretion to grant a late jury request. *See Cascone v. Ortho Pharm. Corp.,* 702 F.2d 389, 393 (2d Cir. 1983). "[M]ere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b) . . . ." *Noonan v. Cunard Steamship Co., Ltd.,* 375 F.2d 69, 70 (2d Cir. 1967); *accord, Lastra v. Weil, Gotshal & Manges, LLP,* 2005 WL 5551996, *2 (S.D.N.Y. 2005). This standard applies to all litigants, even those proceeding pro se. *Washington,* 709 F.2d at 798.

In this case, Plaintiff has not shown that the failure to make a timely jury demand was the result of more than mere inadvertence. However, any inadvertence was that of counsel and not the Plaintiff himself and an explanation from Plaintiff's counsel is presumably unavailable to this pro se Plaintiff. Accordingly, the Court will proceed to determine whether there are other factors which weigh in favor of or against granting Plaintiff Rule 39(b) relief. *Cf. Liriano v. Hobart Corp.,* 162 F.R.D. 453, 456 (S.D.N.Y. 1995) (declining to penalize one party for

---

[2]In opposition to the Defendant's motion Plaintiff filed a document entitled "Notice of Motion for Jury Demand." In view of Plaintiff's current pro se status, the Court construes the motion as seeking relief pursuant to both Rule 6(b) and rule 39(b).

counsel's untimeliness in the absence of demonstrable prejudice to other party) (citing *Landau v. Nat'l R.R. Passenger Corp.,* 97 F.R.D. 723, 725 (S.D.N.Y. 1983) (recognizing that "behind all of the procedural rules and regulations lurks a hapless client who bears no responsibility for this dilemma") and *Morrison v. Crown Equipment Corp.,* 1990 WL 270788 (E.D.N.Y. 1990) (same)).

In cases removed from state court, the Second Circuit has laid out three criteria to be considered by a district court in deciding an application under Rule 39(b). *See Cassone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 390 (2d Cir. 1983).[3] They are (1) whether the issue in the case is one traditionally triable by jury; (2) whether the parties were operating on the assumption that the trial would be a bench trial and (3) whether the party opposing the jury demand would be unduly prejudiced if the court permitted a jury trial. *Id.* at 392-93. Although not strictly applicable to this case, the Court shall use the factors as a reference to guide its exercise of discretion.

The first factor cuts in favor of the Plaintiff because personal injury cases are traditionally triable by a jury. *See Liriano,* 162 F.R.D. at 455. The second factor slightly favors the Defendant as it has operated on the assumption that there would not be a jury trial. It is the third factor – prejudice – that tips the scales decidedly in favor of the Defendant and against granting Plaintiff relief under Rule 39(b).

For over four and one half years, Defendant engaged in litigation planning and strategy based on the understanding that the case would be heard as a bench trial. Indeed, counsel for

---

[3]Under New York practice, a jury trial is demanded in the note of issue, which is filed at the conclusion of discovery in order to place the case on the trial calendar. N.Y. Civ. Prac. L. R. §4102(a).

Defendant has submitted an affidavit detailing how the understanding that this would be a bench trial has affected his preparation of this case, what he would have done differently had he been preparing this case as a jury trail and the prejudice that will result by a sudden shift to a jury trial on the eve of trial. *Cf. Elgarhi v. Dreis & Krump Mfg. Co.,* 131 F.R.D. 429, 430 (S.D.N.Y. 1990). For example, according to defense counsel, proceeding on the premise that this would be a bench trial, he decided to forego taking the depositions of Plaintiff's medical experts, Drs. Guy and Protter, as well as Plaintiff's treating physicians at the VA hospital being content to simply cross-examine them at a bench trial. Defense counsel was not served with a jury demand until February 2, 2007, two years after the close of discovery. This case is now ready for trial. Allowing Plaintiff a jury trial would, as a matter of fairness, entail reopening discovery after discovery has been closed for two years and after the pre-trial order has been filed and the case is ready for trial. Accordingly, Defendant has demonstrated how it would have proceeded differently had it been served with a timely jury demand and the prejudice to it if Rule 39(b) relief were granted.

In contrast, Plaintiff has not articulated any prejudice that he will suffer if this matter is tried to the Court rather than a jury. Nor can the Court foresee any such prejudice.

Parenthetically, the Court notes that at this time the Court has available trial days. However, pending criminal matters that are scheduled for trial in the fall would preclude this Court from conducting a jury trial of this matter until the end of this year or even 2008. Thus, this case which is already five years old would be further delayed.

Accordingly, the Court concludes that in this case it is appropriate to exercise its discretion to deny Plaintiff Rule 39(b) relief. *See Richards v. Proctor & Gamble Mfg. Co.,* 753

F. Supp. 71, 74 (E.D.N.Y. 1991). *See generally Townsend v. Clairol Inc.*, 26 Fed. Appx. 75, *1 (2d Cir. 2002) (upholding denial of late jury demand as defendant should not be held accountable for plaintiff's attorney's negligence and prejudice would result since defendant engaged in litigation planning and strategy based on the case being a bench trial).

### III. The Sound Exercise of this Court's Discretion Warrants Denying Leave to Serve a Jury Demand Out of Time Pursuant to Rule 6(b).

Rule 6(b) of the Federal Rules of Civil Procedure governs the failure to conform to time limits contained in the Federal Rules of Civil Procedure. It provides in pertinent part:

> When by these rules . . . an act is required to be done at or within a specified time, the court for good cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

Fed. R. Civ. P. 6(b).

In *Raymond v. IBM Corp.,* 148 F.3d 63 (2d Cir. 1998), the Second Circuit held that Rule 6(b) applies to the time constraint imposed by Rule 38(b). Further, citing *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380 (1993), the *Raymond* Court held that "mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)" and "the requirement in *Noonan* of a showing '*beyond* mere inadvertence' should not be construed to preclude a district court from granting a Rule 6(b)(2) motion in appropriate circumstance." 148 F.3d at 66 (emphasis in original). Finally, the *Raymond* Court held that in determining whether the failure to comply with a time restraint constitutes excusable neglect, a court should take into account "the prejudice to the other party, the reason for

the delay, it duration, and whether the movant acted in good faith." *Id.* (citing *Pioneer,* 507 U.S. at 395).

Here there is no evidence that Plaintiff acted in bad faith and Defendant does not contend otherwise. However, the delay in serving the jury demand was considerable and, as set forth above in Section II, there is adequate evidence that Defendant has suffered prejudice as a result of the delay. Accordingly, consideration of the relevant factors warrants denial of an extension pursuant to Rule 6(b).

### *Conclusion*

For the reasons set forth above, Defendant's motion to strike the jury demand is granted and Plaintiff's motion for jury demand is denied. The parties are directed to appear on July 17, 2007 at 2:30 p.m. for a final pretrial conference, with the non-jury trial of this matter to commence on July 18, 2007 at 9:30 a.m.

**SO ORDERED.**

Dated: Central Islip, New York
      May 16, 2007                                 /s/
                                                           Denis R. Hurley
                                                           Unites States Senior District Judge